Sara Padillo Carrillo et al., Plaintiffs and Appellants, *v.* Emilio Adams Macías, Defendant; Domingo Ríos, Intervener and Appellee.

No. 6565. Argued March 19, 1934.—Decided March 21, 1934.

*A. Díaz Viera* for appellants. *B. Dávila Rodríguez* for intervener-appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the instant case the appellee moves to dismiss the appeal on three grounds, to wit: 1, because the transcript does not contain a copy of the notice of appeal; 2, because it does not contain the statement of the case, either, and 3, because the appeal is frivolous.

The appellants objected, presenting at the same time certified copies of the notice of appeal, of the only document that was considered in rendering the judgment appealed from, and of certain minutes of the court. They requested the court to allow said documents to be incorporated in the record and to deny the motion to dismiss, as the appeal involved is not frivolous, but meritorious.

This court has repeatedly held that if the transcript of record does not contain a copy of the notice of appeal, a dismissal of the appeal lies. However, if the existence of said notice is shown in due form and a motion is filed for correction of the transcript by incorporating therein the copy of the notice, such motion may be granted in the furtherance of justice, as we would do in the instant case were it not for the fact that a dismissal lies on the other grounds urged.

The transcript sent up by the appellants contains copies of various documents. It does not contain any bill of exceptions, statement of the case, transcript of the evidence, or statement of proofs.

A mortgage foreclosure proceeding is involved, instituted by Sara, Zoraida, Pablo, Ana María, Lyllian, Cruz María, and María Padillo Carrillo, represented by their mother with *patria potestas,* María Carrillo, against Emilio Adams Macías. After a public sale of the mortgaged property had been ordered, Domingo Ríos appeared and alleged that he was the owner and occupant of said property under a title recorded in the registry of property; and he moved the court to stay the proceeding in accordance with subdivision 3 of article 175 of the Mortgage Law Regulations, as the mortgage that was being foreclosed was canceled.

Pursuant to the provisions of said article, the judge summoned the parties to appear. A hearing was had, and the appellants themselves in their response to the motion to dismiss admit that Ríos offered in evidence the certificate of sale which accompanied his motion, and that, according to the minutes of the court, a copy of which also accompanied said motion, he did not introduce his evidence because the court did not allow him to do so.

None of that is set forth in the transcript of record filed in this court, and the means for making it appear was really a bill of exceptions, a statement of the case, or a transcript of the evidence, prepared in the manner prescribed by law, with the intervention of the adverse party and of the trial judge.

As from the foregoing statements, it appears that the bill, statement, or transcript is necessary in order to decide the appeal, and as the mode in which it is proposed to correct the omission is not the proper one, the dismissal sought lies.

But even admitting that it were not so and that we could take into consideration the document and the minutes in order

to complete the transcript, we would nevertheless have to order a dismissal, because the appeal is clearly frivolous.

The document not only shows that Ríos acquired the property but also that he recorded his title in the registry of property, the registrar also entering the following note at the foot of the instrument:

"The mortgage referred to in the registration note on the preceding page has been canceled by a note on the margin of registration No. 7, folio 246, volume 13 of Toa Baja.—San Juan, P. R., July 28, 1933.—Without fees.—(Signed) José A. Vargas, Substitute Registrar.'"

As the mortgage to which said registration note referred was the same as that which served as the basis for the foreclosure proceeding sought to be stayed, the judge acted in the only manner in which he could act correctly, by staying the proceeding, since the invoked enactment definitely provides that—

"The summary proceedings referred to in this section can not be suspended by incidental issues or any other proceeding at the instance of the debtor or the third person in possession, nor by any other person appearing as an interested party, excepting in the following cases:

"  *        *        *        *        *        *        *

"3. When a certificate from the registrar is presented to the effect that the mortgage under which the proceedings are being prosecuted has been canceled, or an authentic copy of the public instrument of the cancellation of the same, bearing a memorandum of its presentation in any of the registries where it is to be noted, executed by the plaintiff or by his predecessors or successors in interest, the transfer in a proper case being also proved by documentary evidence." Art. 175, Regulations for the Execution of the Mortgage Law, Comp. Stat. 1911, p. 1142.

It is maintained by the appellants that the error of the district judge consisted in his not having allowed them to offer evidence by which they would have shown that Ríos' title lacked validity.

The district judge, in the recitals (*por cuantos*) of the order appealed from, transcribes his holding on the question raised, and we, in turn, shall reproduce it in full, as it shows with all clearness the correctness of the ruling and hence the frivolousness of the appeal. It reads as follows:

"According to article 175 of the Mortgage Law Regulations, summary foreclosure proceedings can not be suspended by incidental issues or any other proceeding at the instance of the debtor, or the third person in possession, or by any other person appearing as an interested party, except, among other cases, where there is presented a certificate from the registrar to the effect that the mortgage under which the proceedings are being prosecuted has been canceled, or an authentic copy of the public instrument of the cancellation of the same, bearing a memorandum of its presentation in any of the registries where it is to be noted, executed by the plaintiff or by his predecessors or successors in interest, the transfer in a proper case being also proved by documentary evidence. And the article adds that all other claims that may be brought, either by the debtor or by third persons in possession and other interested persons, including claims that involve the nullity of the title or of the proceedings, or the maturity, truth, extinction, or amount of the debt, shall be heard in the proper plenary action, without ever producing the effect of staying or interfering with the foreclosure proceeding. Ríos has introduced documentary evidence to prove the conveyance executed in his favor and which he recorded, and in regard to which appears the certificate of the registrar showing that the Padillo mortgage now sought to be foreclosed was canceled. Against that evidence so offered to show that the mortgage had been canceled in the registry, the adverse party seeks to present evidence, not to show that what is alleged is untrue, or that, being true, the note of cancellation is suspended, or any other similar fact, but to maintain that Ríos' title is invalid and without effect on account of original defects.

"Where the law provides that the judge shall hear the parties and consider the documents presented, it refers only to the precise question of whether or not the mortgage has been canceled in the registry. All other claims that may be brought by interested persons shall be heard in the proper plenary suit.

"It would not be proper in this proceeding to consider and determine whether or not the title of Ríos is null and void. That would be a question to be decided in a plenary action. All that can be con-

sidered or determined in the present proceeding is whether or not the mortgage appears canceled in the registry. Any allegation respecting the title which gave rise to or produced the cancellation of the mortgage, is irrelevant and immaterial. What has relevancy and materiality, by virtue of the provisions of the Mortgage Law, is whether or not the mortgage sought to be foreclosed has already been canceled according to the registry.

"The purpose of the statute in expressly authorizing these incidental issues is not to try the title of the debtor, of a third person in possession, or of any other interested person. On the contrary, it prohibits it, as it provides that all other claims that may be brought either by the debtor or by a third person in possession and other interested persons, shall be heard in the proper plenary suit. The purpose of the law in permitting incidental issues of this nature is only to give the means and opportunity for showing that the foreclosure proceedings should not be continued, as the mortgage giving rise thereto has ceased to exist, according to the registry, it having been canceled, and hence that there is nothing to foreclose."

For the foregoing reasons the motion of the appellee must be sustained, that of the appellants denied, and, consequently, the appeal taken by the latter dismissed.